566 A.2d 365

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Plaintiff,**

**v.**

**R. Charles THOMAS, Esquire, Defendant.**

Commonwealth Court of Pennsylvania.

Reargued Oct. 4, 1989.

Decided Nov. 20, 1989.

Jason W. Manne, Asst. Counsel, Pittsburgh, for plaintiff.

R. Charles Thomas, Bozic and Thomas, Meadville, pro se.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

In this original jurisdiction case the Department of Public Welfare (DPW) seeks to recover, by way of damages, medical assistance payments made by it on behalf of a client of the defendant R. Charles Thomas (Thomas). Presently before us for consideration are cross motions for summary judgment filed by DPW and Thomas.

Pa.R.C.P. No. 1035(b) provides that summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The facts, not in dispute, and necessary to the determination of these motions are as follows.

Defendant Thomas, an attorney, filed a damage action for Joseph Tatters, Sr. (Tatters) on January 29, 1985 to recover damages for personal injuries suffered by Tatters in an automobile accident. As a result of these injuries, Tatters

received medical assistance benefits from DPW in the amount of $7,875.01.

Thomas received three letters from DPW regarding the Tatters damage claim: January 25, 1985, April 5, 1985 and August 5, 1985. Each letter provided the name, address, and telephone number of an agent from the Division of Medical Assistance Recovery (DMAR). The first two letters included statements of the amounts paid by DPW on behalf of Tatters and advised Thomas that DPW had a lien on any settlement. The final letter, the first to cite to the actual statutory provisions regarding the duties of attorneys, contained the following language:

> The Division of Medical Assistance Recovery is the secretary's designee in matters covered by 62 P.S. Section 1409(b)(1) *et seq.*, and, as such, is mandated to receive all notices relative to this case. In that connection, be advised that you must provide the Department with written notice within thirty (30) days of filing an action against a third-party or an insurer. 62 P.S. Section 1409(b)(5).

In the latter part of June, 1985, in anticipation of settling Tatters' law suit, Thomas twice telephoned the local DPW office and left messages for the local DPW agent with whom he had worked in the past, one Cindy Sheptock. The messages stated that the net proceeds of the settlement would be distributed to Tatters who would then pay DPW directly, and if there was any problem with this procedure, Thomas was to be notified. The uncontested affidavit of Ms. Sheptock in the record states that she never received these messages. The settlement proceeds were distributed to Tatters in September, 1985.

DPW never received reimbursement from Tatters, and instituted the instant case May 12, 1988 to recover from Thomas medical assistance benefits paid for the personal injuries of Tatters. The complaint alleges that Thomas "intentionally failed to give ... notice of settlement and an opportunity [for DPW] to obtain a lien on the settlement" all to the damage of DPW.

The question which must be answered by this court is whether section 1409 of the Public Welfare Code (Code)[1] implicitly authorizes DPW to bring a civil action for damages against an attorney for failure to follow the prescribed notice provisions contained within section 1409.

We recently addressed this issue in the case of *Department of Public Welfare v. Portnoy,* 129 Pa.Commonwealth Ct. 469, 566 A.2d 336 (1989). In *Portnoy* DPW alleged that the attorneys in question were aware of the notice provisions of section 1409, but that they knowingly and intentionally failed to give DPW the requisite notice of suit/judgment/award/settlement and opportunity to perfect its lien. In *Portnoy* DPW sought, in part, a declaratory judgment that the notice provisions must be complied with, an injunction prohibiting the attorneys from failing to give the requisite notices and damages in the amount of lost reimbursements. We held that because the legislature has not provided for penalties and remedies against attorneys for failure to provide the necessary notice, but has provided for penalties and remedies against providers and recipients, DPW's complaint failed to state a cause of action. *Portnoy,* 566 A.2d at 340.

We do note a number of factual differences between *Portnoy* and the case at bar. In *Portnoy* DPW apparently never had any correspondence with the attorneys nor did the attorneys ever make any attempt to notify DPW in any manner. In the present action, even though the notice provisions of section 1409 were not strictly complied with, DPW did have the requisite notice of the action, as shown by the three letters which it sent to Thomas. Again we emphasize that the statute provides no sanction where there is a failure to strictly comply with the notice provision of section 1409.

We conclude, therefore, that the present matter is controlled by our decision in *Portnoy.* Accordingly, the motion for summary judgment filed by DPW is denied and the

**1.** Act of July 13, 1967, P.L. 31, *as amended,* added by Section 3 of the Act of July 10, 1980, P.L. 493, *as amended,* 62 P.S. § 1409.

cross motion for summary judgment filed by Thomas is granted.

## ORDER

AND NOW, November 20, 1989, the Department of Public Welfare's motion for summary judgment in the above-captioned matter is denied and the cross motion for summary judgment of R. Charles Thomas is granted.

CRAIG, Judge, dissenting.

Both motions for summary judgment should be denied because this case does not turn upon determination of a question of law, or upon undisputed facts, so as to permit the issuance of summary judgment without the development of a factual record.

As a matter of law, the absence of specific sanctions in the controlling statute does not negate the applicability of a common law right in the Department of Public Welfare to recover damages in the event that a factual record would disclose that the attorney's failure to protect the Commonwealth's lien resulted in a loss to the public treasury. *See* the dissenting opinion in *Department of Public Welfare v. Portnoy*, 129 Pa.Commonwealth Ct. 469, 566 A.2d 336 (1989), submitting that the absence of specific statutory sanctions does not negate the applicability of an equity injunction to compel obedience to the notice requirements of the statute.

Because the development of a factual record, pursuant to a hearing, is necessary to show whether or not the attorney's conduct caused loss to the Commonwealth with respect to its lien for public assistance, there should be no summary judgment. The case should proceed to trial.

McGINLEY and BARRY, JJ. join this dissent.